IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN DIOR COUTURE, S.A., | ) |
| Plaintiff, | ) Case No. 17-cv-02630 ) ) **Judge Matthew F. Kennelly** |
| v. | ) ) **Magistrate Judge Young B. Kim** |
| ZHAO FENG, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

**MEMORANDUM OF LAW**

I.    **INTRODUCTION**

Plaintiff Christian Dior Couture, S.A. ("Dior") brings the present action against the defendants identified on Schedule A (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), cybersquatting (Count III) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count IV). As alleged in Dior's Amended Complaint [9], the Defendants are promoting, advertising, distributing, offering for sale, and selling products using counterfeits of Dior's federally registered trademarks (the "Counterfeit Dior Products") through various fully interactive, commercial Internet stores operating under at least the Defendant Domain Names and Online Marketplace Accounts listed in Schedule A (collectively, the "Defendant Internet Stores").

II.    **STATEMENT OF FACTS**

On April 12, 2017, this Court granted Dior's Motion for Entry of a Temporary Restraining Order ("the TRO"). [24]. The TRO authorized Dior to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Amended Complaint, the TRO and other relevant documents on a website to which the Defendant Domain Names which are transferred to Dior's control redirect, or by sending an e-mail to the e-mail addresses identified in Exhibits 4 and 5 to the Declaration of Jessica Matoua and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [24] at ¶ 8. Since and pursuant to entry of the TRO, dozens of PayPal accounts associated with the Defendant Internet Stores have been frozen. *See* Declaration of Justin R. Gaudio (hereinafter, "Gaudio Declaration") at ¶ 2. In addition, Dior is in the process of requesting transfer of the Defendant Domain Names. *Id.*

Dior respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit Dior Products during the pendency of this litigation. As part of the Preliminary Injunction, Dior requests that the Defendant Domain Names remain in Dior's control and that Defendants' PayPal accounts remain frozen until completion of these proceedings.

### III. ARGUMENT

#### A. A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Dior respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.,* No. 15-cv-3249 (N.D. Ill. May 6, 2015) (unpublished).

##### i. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. See, e.g., *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso,* 927 F. Supp. 1075, 1076 (N.D. Ill.

1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### ii. The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

#### 1. The Domain Name Transfer Order Remains Appropriate

Dior seeks a conversion of the TRO issued by this Court on April 12, 2017, allowing Dior to retain control of the Defendant Domain Names until the completion of these proceedings. To prevent the Defendants from further manufacture, importation, distribution, offering for sale, and sale of Counterfeit Dior Products and to provide notice to Defendants regarding these proceedings, Dior respectfully requests that the injunctive relief already awarded be extended through the pendency of this case.

#### 2. The Asset Restraining Order Remains Appropriate

Dior also requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, PayPal, Inc. ("PayPal") has provided Plaintiff with information, including the identification of dozens of PayPal accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Counterfeit Dior Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions, including PayPal accounts, to an offshore account. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Dior is entitled as set forth in the Amended Complaint far exceeds any amount contained in any of the Defendants' frozen PayPal accounts. For

example, Dior's prayer for relief requests statutory damages of $2 million from each Defendant. [9]. In addition, and as established in Dior's TRO Memorandum [11], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

### IV. CONCLUSION

In view of the foregoing, Dior respectfully requests that this Court enter the preliminary injunction.

Dated this 19th day of April 2017.    Respectfully submitted,

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Attorneys for Plaintiff Christian Dior Couture, S.A.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 19th day of April 2017, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website to which the Defendant Domain Names that have been transferred to Dior's control now redirect, and I will send an e-mail to the e-mail addresses identified in Exhibits 4 and 5 to the Declaration of Jessica Matoua and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

        /s/ Justin R. Gaudio
        Kevin W. Guynn
        Amy C. Ziegler
        Justin R. Gaudio
        Jessica L. Bloodgood
        Greer, Burns & Crain, Ltd.
        300 South Wacker Drive, Suite 2500
        Chicago, Illinois 60606
        312.360.0080
        312.360.9315 (facsimile)
        kguynn@gbc.law
        aziegler@gbc.law
        jgaudio@gbc.law
        jbloodgood@gbc.law

*Attorneys for Plaintiff Christian Dior Couture, S.A.*